UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ANDREW GROSS, III, #282240-039,**

      **Plaintiff,**

                                                Civil No: 06-CV-13065
                                                Honorable Lawrence P. Zatkoff
                                                Magistrate Judge Paul J. Komives

v.

**WARREN C. EVANS &**
**WAYNE COUNTY JAIL,**

      **Defendants.**

_____

**OPINION & ORDER SUMMARILY DISMISSING
PLAINTIFF'S CIVIL RIGHTS COMPLAINT**

**I. Introduction**

Plaintiff, Andrew Gross, III, presently confined at Terre Haute Federal Correction Institution in Terre Haute, Indiana, has filed a *pro se* prisoner civil rights complaint pursuant to 42 U.S.C. §1983. Plaintiff asserts that while he was being housed at the Wayne County Jail, his left wrist, shoulder and the left side of his neck were injured when a jail deputy used an automatic switch to open the cell door while Plaintiff's arm was outside of the cell between the bars. Plaintiff asserts that he was in the process of tossing a banana peel into a garbage can located just outside of the cell block when the cell door began to open, tangling his arm between the cell bars. Plaintiff states that the jail deputy pushed the switch again which caused the doors to begin closing. At that point Plaintiff was able to pull his arm from between the cell bars.

Because of Plaintiff's complaints of pain, he was taken to the hospital and x-rays were taken. Although no bones were broken, Plaintiff complained of severe pain, swelling and an inability to

sleep. Plaintiff maintains that the Defendants violated their policy regarding opening the cell doors once all inmates are "locked down." Due to this incident, Plaintiff has filed this civil rights lawsuit and contends that he is entitled to one million ($1,000,000.00) dollars in order to be compensated for his injuries. The Court finds that Plaintiff's Complaint is summarily dismissed with prejudice for failure to state a claim and for failure to exhaust administrative remedies.

**II. Discussion**

When screening an indigent prisoner's civil rights complaint against a governmental entity, officer, or employee, a federal district court must determine whether the complaint, or any portion of it, (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir.2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir.2000).

Also, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn,* 183 F.3d 477, 479 (6th Cir. 1999)(citing *Hagans v. Lavine,* 415 U.S. 528, 536-37 (1974).

**A. Failure to State a Claim**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. See *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). A *pro se* civil rights complaint is to be construed liberally. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). In this case, the basis upon which Plaintiff's civil rights complaint fails to state a claim is four-fold.

First, Plaintiff named the Wayne County Jail as a party defendant. A county jail is not a suable entity within the meaning of 42 U.S.C. § 1983. *Bradford v. Gardner*, 578 F.Supp. 382, 383 (E.D.Tenn.1984). Therefore the claim against the Wayne County Jail must be dismissed. Second, if the Court, however, were to construe Plaintiff's complaint as naming Wayne County as the party defendant instead of the Wayne County Jail, See *Hafer v. Melo*, 502 U.S. 21 (1991), Plaintiff's claim would still fail. The Sixth Circuit has held that "in order to state a claim against a city or a county under § 1983, a plaintiff must show that his injury was caused by an unconstitutional 'policy' or 'custom' of the municipality or the county. *Stemler v. City of Florence*, 126 F.3d 856, 865 (6th Cir.1997); see *Monell v. Department of Soc. Servs. of the City of New York*, 436 U.S. 658, 692 (1978). The Plaintiff in this case has failed to make any allegations relative to the unconstitutionality of any Wayne County or Wayne County Jail policies, in particular any policies about the opening and closing of cell block doors during "lock down."

Third, as previously stated, a prisoner bringing a 42 U.S.C. §1983 must allege deprivations of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and allege that the deprivation was caused by a person acting under color of state law. In this case,

3

Plaintiff does not present a claim regarding the deprivation of a constitutional right, privilege, or immunity, but rather states that the jail deputy did not act in accordance with a policy regarding opening and shutting cell block doors during "lock down."

Finally, if the Court chose to construe Plaintiff's claim as an alleged Eighth Amendment violation in a further effort to construe Plaintiff's complaint liberally, Plaintiff's failure to state a clam upon which relief could be granted would remain. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir.1987) (per curiam) (quoting *Rhodes v. Chapman*, 452 U.S. at 346). The deprivation alleged "must result in the denial of 'the minimal civilized measure of life's necessities.'" *Rhodes v. Chapman*, 452 U.S. at 347; see also *Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir.1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes v. Chapman*, 452 U.S. at 348. Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d at 954.

Applying the above standards, Plaintiff's assertion that the jail deputy caused Plaintiff's arm to get tangled in the prison cell bars does not rise to the level of cruel and unusual punishment. Plaintiff does not allege that these types of incidents happen with any regularity or frequency. Rather, he complains of this one time incident that from reading Plaintiff's complaint very may well

have been an accident, which by Plaintiff's own complaint, the jail deputy immediately hit the switch again, at which time the Plaintiff was a able pull his arm out from between the cell bars.

For these reasons, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted.

### B. Failure to Exhaust Administrative Remedies

A preliminary question in prisoner civil rights cases challenging the conditions of confinement is whether the prisoner exhausted administrative remedies before filing the complaint. 42 U.S.C. §1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under §1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The exhaustion requirement is mandatory, and it applies to all inmate suits about prison life, whether under §1983 or some other federal law, *Porter v. Nussle,* 534 U.S. 516, 524, 532 (2002), and regardless of the relief sought and offered through administrative procedures, *Booth v. Churner,* 532 U.S. 731, 741 & 741 n. pg. 6 (2001). Exhaustion of administrative remedies is mandatory "even if proceeding through the administrative system would be 'futile.'" *Jones Bey v. Johnson,* 407 F.3d 801, 805 (6th Cir. 2005).

In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the Court may determine what claims, if any, have been exhausted. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.2000). In addition, a prisoner must specifically mention the involved parties in the grievance to alert the prison officials to the problems so that the prison has a chance to address the claims before they reach federal court. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir.2001); *Thomas v. Woolum*, 337 F.3d 720, 735 (6th Cir.2003).

The Michigan Department of Corrections (MDOC) has a three-step administrative remedy procedure. *See MDOC Policy Directive 03.02.130* (Dec. 19, 2003). The requirement that a prisoner must exhaust all of this available administrative remedies before filing suit, applies to county jails as well as state prisons. *Coleman v. Michigan Dep't of Corrections*, No. 98-1938, 1999 WL 1253079, at *1 (6th Cir. Dec. 17, 1999).

In this case, Plaintiff admits that he has not filed any grievances relative to this incident. Plaintiff has not alleged that the Wayne County Jail lacks a grievance mechanism or that he was precluded from exhausting administrative remedies in some manner. See *White v. McGinnis,* 131 F.3d 593, 595 (6th Cir.1997). Plaintiff is presently in federal custody and claims that he informed the Bureau of Prisons that he was injured while at the Wayne County Jail, but Plaintiff has not attached any documentation to support that he has taken any such administrative action regarding this case. Therefore, Plaintiff must describe with specificity the administrative proceedings he exhausted and the outcome. Plaintiff has failed to set forth such a description and therefore, the complaint is deficient. *Brown* v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1998). Accordingly, the complaint shall be dismissed for failure to exhaust administrative remedies.

### III. Conclusion

Plaintiff has failed to state a claim upon which relief can be granted and has failed to exhaust the required grievance process mandated by the Michigan Department of Corrections, and therefore cannot substantively or administratively proceed in this Court.

**IT IS ORDERED** that Plaintiff's Complaint **[Docket No: 1-1, filed July 5, 2006]** is summarily **DISMISSED WITH PREJUDICE.**

IT IS FURTHER ORDERED that the Plaintiff's Application to Proceed without Payment of Fees **[Docket No: 1-2, filed July 5, 2006]** is **DENIED** as moot.

        s/Lawrence P. Zatkoff
        LAWRENCE P. ZATKOFF
        UNITED STATES DISTRICT JUDGE

Dated: August 22, 2006

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on August 22, 2006.

        s/Marie E. Verlinde
        Case Manager
        (810) 984-3290