UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW GROSS (#28240-039),

                Plaintiff,

CASE NO. 2:06-CV-13065
JUDGE LAWRENCE P. ZATKOFF
MAGISTRATE JUDGE PAUL J. KOMIVES

v.

WARREN C. EVANS,

                Defendant,
                                      /

**REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e) (Doc. Ent. 5)**

**I.**     **RECOMMENDATION:** The Court should deny plaintiff's motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e).

**II.**     **REPORT:**

**A.**     **Background**

**1.**     **Prior Cases:** Andrew Gross (#28240-039) is currently incarcerated at the United States Penitentiary (USP) in Terre Haute, Indiana. He has been a party to many cases in the United States District Court for the Eastern District of Michigan.

For example, Gross has filed petitions for writ of habeas corpus in this district. *See, i.e., Gross v. United States of America*, Case No. 2:06-cv-11194-RHC-RSW (E.D. Mich.); *Gross v. United States of America*, Case No. 2:06-cv-10551-GCS-VMM (E.D. Mich.); *Gross v. United States Attorney General, et al.*, Case No. 2:08-cv-14851-RHC-CEB (E.D. Mich.); and *Gross v. United States of America*, Case No. 2:13-cv-12630-LPZ-DRG (E.D. Mich.).

Plaintiff has also been a party to other civil cases in this district. By way of example, on August 21, 2006, Gross filed a prisoner civil rights complaint against several defendants. Doc.

Ent. 1 at 7 (Case No. 1:06-cv-13714-TLL-CEB).  On December 14, 2006, Judge Ludington entered an order (Doc. Ent. 6) denying plaintiff's motion to proceed without prepayment of fees and costs (Doc. Ent. 2) on the basis that four of Gross's cases - *Gross v. United States Government ,et al.*, 2:02-cv-74123-GER-WC; *Gross v. Keeler, et al.*, 2:02-cv-74850-BAF; *Gross v. Gonzales, et al.*, 2:06-cv-12820-PJD-RSW; and the instant case, *Gross v. Evans*, 2:06-cv-13065-LPZ-PJK - had been dismissed as frivolous or as failing to state a cognizable legal claim. *See* 28 U.S.C. § 1915(g).  On February 12, 2007, the case was dismissed without prejudice for failure to pay the filing fee (Doc. Ent. 7).

In another example, on May 17, 2011, plaintiff filed *Gross v. Equifax Information Services, et al.*, Case No. 2:11-cv-12141-AJT-PJK.  On June 9, 2011, Judge Tarnow entered an order to pay filing fee (Doc. Ent. 3), noting that Gross had "filed several civil cases since 2001, at least four of which were dismissed on the grounds that they were frivolous or failed to state a claim. *See* Case No. 02-74123 (dismissed for failure to state a claim); 02-74850 (dismissed as frivolous); 06-12820 (dismissed for failure to state a claim); and [the instant case] 06-13065 (dismissed for failure to state a claim)."  Judge Tarnow dismissed that case on June 24, 2011 (Doc. Ent. 4).

**2.     Instant Case:**  Gross filed the instant case on July 5, 2006, while incarcerated at USP Terre Haute, based upon the alleged events of February 11, 2006 at the Wayne County Jail (WCJ).  Gross named as a defendant Wayne County Sheriff Warren C. Evans and perhaps also the WCJ. Doc. Ent. 1 at 1-6, 10; *see also* Doc. Ent. 1 at 7-9 (February 12, 2006 Letter).  Along with that complaint, Gross filed an application to proceed without prepayment of fees.  Doc. Ent. 2.

However, on August 22, 2006, Judge Zatkoff entered an opinion and order summarily dismissing plaintiff's civil rights complaint. Doc. Ent. 3. In so doing, the Court concluded that Gross had failed to state a claim upon which relief may be granted, because (1) "[a] county jail is not a suable entity within the meaning of 42 U.S.C. § 1983[;]" (2) "[p]laintiff in this case has failed to make any allegations relative to the unconstitutionality of any Wayne County or Wayne County Jail policies[;]" (3) "[p]laintiff does not present a claim regarding the deprivation of a constitutional right, privilege, or immunity[;]" and (4) "[p]laintiff's assertion that the jail deputy caused Plaintiff's arm to get tangled in the prison cell bars does not rise to the level of cruel and unusual punishment." Doc. Ent. 3 at 3-5. The Court further concluded that Gross had failed to exhaust his administrative remedies. Doc. Ent. 3 at 5-6. Judgment in favor of defendant and against plaintiff was entered the same day. Doc. Ent. 4.

**B.     Instant Motion**

On March 6, 2013 - more than six (6) years after judgment was entered in the instant case - Gross filed the instant motion (Doc. Ent. 5) to alter or amend its August 22, 2006 judgment pursuant to Fed. R. Civ. P. 59(e).

On October 1, 2013, Judge Zatkoff referred this to me for hearing and determination. Doc. Ent. 6. However, I will provide my analysis in the form of a report and recommendation. *See In re Brown*, 409 Fed.Appx. 591, 592 (3d Cir .2011) ("Thus, although the Magistrate Judge's order purported to deny Brown's Rule 59(e) motion, it must be construed as a recommendation under 28 U.S.C. § 636(b)(1)(B)."); *see also NL Industries, Inc. v. Commercial Union Ins. Co.*, 65 F.3d 314, 318 (3d Cir. 1995) ("CU filed a motion to vacate the judgment pursuant to Fed.R.Civ.

3

P. 59(e), which the Magistrate recommended be granted, deeming his opinions to be reports and recommendations to the district court pursuant to 28 U.S.C. § 636(b).").

**C.     Analysis**

By his March 6, 2013 motion, plaintiff seeks an opportunity to dismiss this case without prejudice.  Doc. Ent. 5 at 1.  In other words, plaintiff would like the Court to amend its August 22, 2006 memorandum opinion and order (Doc. Ent. 3) "to allow the plaintiff the chance to withdraw his civil action without prejudice."  Doc. Ent. 5 at 2.  Additionally, he would like to be granted leave to proceed in forma pauperis.  Doc. Ent. 5 at 3.

The Court should deny Gross's March 6, 2013 motion (Doc. Ent. 5) to alter or amend the Court's August 22, 2006 judgment (Doc. Ent. 4) and/or memorandum opinion and order (Doc. Ent. 3).  First, plaintiff's motion is based upon Fed. R. Civ. P. 59(e) ("Motion to Alter or Amend a Judgment."), which provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  Plaintiff's motion to alter or amend, having been filed more than six (6) years after judgment was entered, is tardy under Rule 59(e).

Second, plaintiff relies upon *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) ("a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."), which involved a motion for reconsideration.  In this district, "[a] motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order."  E.D. Mich. LR 7.1(h)(1).  Here, too, plaintiff's March 6, 2013 motion would be tardy.

Third, perhaps plaintiff intended to rely upon Fed. R. Civ. P. 60 ("Relief From a Judgment or Order"), which provides, in part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b) ("Grounds for Relief from a Final Judgment, Order, or Proceeding."). However, if plaintiff was relying upon Fed. R. Civ. P. 60(b)(6) on the basis that *Henslee v. Keller*, 681 F.3d 538 (4th Cir. 2012)[1] is an "intervening change in law," *Henslee* is distinguishable from the case at bar, because it involved an appeal of the district court's dismissal of Henslee's complaint for failure to state a claim upon which relief may be granted. The instant case does not involve an appeal to the Sixth Circuit. The same is true of plaintiff's reliance upon Fed. R. App. P. 24 ("Proceeding In Forma Pauperis") and *Garza v. Thaler*, 585 F.3d 888, 890 (5th Cir. 2009) ("The language of Rule 24 is explicit: if leave to proceed IFP is granted, the party may appeal without paying appellate fees and costs, unless a statute provides otherwise."). This is so, because Garza appealed "an order of the district court which granted leave to appeal *in forma pauperis* (IFP) the denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus, but required

---

[1] *Henslee*, 681 F.3d at 543-544 ("A district court dismissal may not act as a third strike, precluding a prisoner litigant from proceeding in forma pauperis, on an appeal of the underlying dismissal.").

him to pay the $455 appellate filing fee in accordance with the terms of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(b)." *Garza*, 585 F.3d at 888-889.

Fourth, plaintiff cites *Lane v. Pollard*, No. 11-3178, 2012 U.S. App. LEXIS 5976 (7th Cir. Mar. 15, 2012), wherein the Court granted a motion for reconsideration; stated, "the district court should not be using the procedure outlined in 28 U.S.C. § 1915(b)(2) to collect unpaid portions of filing fees owed by prisoners in habeas corpus actions[;]" waived the remainder of the initial partial filing fee; and provided that "the appellant need not pay the remainder of the $455 appellate filing fees." *See Lane*, 2012 U.S. App. LEXIS 5976, *1 (citation omitted). However, the instant case was not initiated by a petition for writ of habeas corpus, and, as noted above, the instant case does not involve an appeal to the Sixth Circuit. Thus, *Lane* does not aid plaintiff's claim that "he should not be allowed to pay any filing fees." Doc. Ent. 5 at 2.

Fifth, plaintiff seems to claims that, at the time he filed his July 5, 2006 complaint (Doc. Ent. 1) in this case, "he was granted permission to proceed as an indigent prisoner[.]" Doc. Ent. 5 at 2. However, the August 22, 2006 order in the instant case denied as moot "Plaintiff's Application to Proceed without Payment of Fees [Docket No: 1-2, filed July 5, 2006][,]" Doc. Ent. 3 at 7; therefore, plaintiff never proceeded in forma pauperis in this case. Perhaps plaintiff is referring to another prisoner civil rights case in which he was permitted to proceed in forma pauperis, such as *Gross v. United States Government, et al.*, Case No. 2:02-cv-74123-GER-WC (*see* Doc. Ent. 37), *Gross v. Terre Haute United States Prison Medical Staff, et al.*, Case No. 5:05-cv-60200-JCO-RSW (*see* Doc. Ent. 7), or *Gross v. Gonzales, et al.*, Case No. 2:06-cv-12820-PJD-RSW (*see* Doc. Ent. 3).

In sum, it seems that plaintiff seeks an opportunity to voluntarily dismiss the instant case, perhaps in accordance with Fed. R. Civ. P. 41(a) ("Voluntary Dismissal."), so that he may proceed in forma pauperis in a case where he has been denied in forma pauperis status on the basis of 28 U.S.C. § 1915(g), such as Case No. 1:06-cv-13714-TLL-CEB (*see* Doc. Ent. 6) or Case No. 2:11-cv-12141-AJT-PJK (*see* Doc. Ent. 3). In other words, it seems that plaintiff would like to "undo" the dismissal in the instant case as a "strike" under 28 U.S.C. § 1915(g), because he may otherwise have been granted permission to proceed in forma pauperis in a case like 06-13714 or 11-12141. However, as described above, his March 6, 2013 request (Doc. Ent. 5) is too late under Fed. R. Civ. P. 59(e) or E.D. Mich. LR 7.1(h) and, to the extent he relies upon Fed. R. Civ. P. 60(b)(6), he has not cited persuasive authority.[2]

### III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v.*

---

[2]Incidentally, plaintiff has filed the instant motion in at least three other cases, and in each one it was denied. *See Gross v. Gonzales, et al.*, 2:06-cv-12820-PJD-RSW (*see* Doc. Entries 12 & 13), *Gross v. Terre Haute United States Prison Medical Staff, et al.*, Case No. 5:05-cv-60200-JCO-RSW (*see* Doc. Entries 17 & 19), and *Gross v. Keeler, et al.*, Case No. 2:02-cv-74850-BAF (*see* Doc. Entries 14 & 15).

*Detroit Federation of Teachers Local 231, American Federation of Teachers, AFL-CIO*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

 Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

        S/Paul J. Komives
        PAUL J. KOMIVES
        UNITED STATES MAGISTRATE JUDGE

Dated: October 4, 2013

## CERTIFICATE OF SERVICE

 The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 4, 2013.

        s/Felicia M. Moses
        FELICIA M. MOSES
        Case Manager