UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW GROSS, #28240-039

    Plaintiff,                                Civil Action No. 06-13065
                                                         Hon. Lawrence P. Zatkoff

v.

WARREN C. EVANS,

    Defendant.
_____/

## OPINION AND ORDER ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Magistrate Judge's Report and Recommendation [dkt 7], in which the Magistrate Judge recommends that the Court should deny Plaintiff's motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e) [dkt 5]. Plaintiff has filed objections to the Magistrate Judge's Report and Recommendation [dkt 8].

The Court has thoroughly reviewed the court file, the Report and Recommendation, and Plaintiff's objections. For the reasons discussed below, the Court ADOPTS the Magistrate Judge's Report and Recommendation. Plaintiff's motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e) is DENIED. The Court will, however, briefly address Plaintiff's objections.

## ANALYSIS

On July 5, 2006, Andrew Gross ("Plaintiff") filed a Complaint against Wayne County Sheriff Warren C. Evans ("Defendant") [dkt. 1]. On August 22, 2006, this Court dismissed Plaintiff's case for failing to state a claim upon which relief may be granted [dkt. 3]. Judgment in favor of the Defendant and against Plaintiff was entered the same day [dkt. 4].

This was not the first case Plaintiff had filed in the Eastern District of Michigan. Indeed, Plaintiff has filed numerous cases throughout the Eastern District of Michigan that have been dismissed as either frivolous or as failing to state a cognizable legal claim. *See Gross v. United States Government, et al* 2:02-cv-74123-GER-WC; *Gross v. Keeler, et al.*, 2:02-cv-74850-BAF; *Gross v. Gonzales, et al.*, 2:06-cv-12820-PJD-RSW.

On March 6, 2013—more than six years after judgment was entered in the instant case—Gross filed the instant motion seeking to alter or amend this Court's 2006 judgment pursuant to Fed. R. Civ. P. 59(e) [dkt. 5]. Specifically, Plaintiff asks the Court to amend its August 22, 2006 judgment to allow Plaintiff to withdraw his civil action without prejudice. In any interpretation of Plaintiff's motion, the applicable timetables for filing—be it 28 days under Fed. R. Civ. P. 59(e) or 14 days as a motion for rehearing or reconsideration—have long since passed. It appears to the Court that Plaintiff's true motivation is to "undo" the dismissal in the instant case as a "strike" under 28 U.S.C. § 1915(g), because he may otherwise have been granted permission to proceed *in forma pauperis* in another action. Plaintiff fails, however, to provide any persuasive legal authority to support the action he seeks.

Plaintiff's objections focus, in part, on what types of dismissals the Third Circuit has indicated constitute a strike. Specifically, Plaintiff asserts that dismissals based on the immunity of a defendant do not count as a Prison Litigation Reform Act ("PLRA") strike, unless the court explicitly and correctly concludes that the complaint reveals the immunity defense on its face. Plaintiff further argues that Congress never intended for dismissals on immunity grounds to count as a PLRA strike.

The Court is not convinced. First, Plaintiff completely fails to address the fact that his motion to amend is egregiously tardy, no matter which way the Court construes Plaintiff's filing.

Further, whether or not dismissals based on the immunity of a defendant count as a PLRA strike are irrelevant to this case, as Plaintiff's suit was not dismissed based on the immunity of Defendant. Rather, this Court dismissed Plaintiff's complaint for failure to state a claim upon which relief may be granted and due to Plaintiff's failure to exhaust his administrative remedies. Lastly, as the other objections raised by Plaintiff rely on case law adequately addressed in the Report and Recommendation, the Court finds such objections lack persuasive authority.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e) is DENIED.

IT IS SO ORDERED.

                                              s/Lawrence P. Zatkoff
                                              Hon. Lawrence P. Zatkoff
                                              U.S. District Judge

Date: November 20, 2013